UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMLERCHRYSLER MOTORS COMPANY, L.L.C.,
a Delaware limited liability company,

        Plaintiff/Counter-Defendant,

vs.
        Case No. 03-CV-72265
        HON. GEORGE CARAM STEEH

BILL DAVIS RACING, INC.,
a North Carolina company,

        Defendant.
_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (#81)

Plaintiff DaimlerChrysler Motors Company, L.L.C. ("D/C") moves for reconsideration of this court's July 14, 2005 Opinion and Order granting, in part, defendant Bill Davis Racing, Inc.'s ("BDR") motion for summary judgment, denying D/C's motion for summary judgment, and dismissing D/C's breach of contract claim premised upon an alleged breach of Section 10.2 of the parties' February 14, 2000 Motorsport Racing Agreement ("MR Agreement").  D/C argues the court erred in interpreting Section 10.2 as precluding BDR from representing, endorsing, or otherwise promoting a D/C *racing* competitor's vehicles, parts, or services, instead of interpreting Section 10.2 as precluding BDR from representing, endorsing, or otherwise promoting a D/C *business* competitor's vehicles, parts, or services.  In the alternative, D/C argues that, under the court's interpretation of Section 10.2, the court erred by failing to grant summary judgment in favor of D/C based on undisputed evidence that BDR provided Toyota with technical services to compete in

Winston Cup Series races prior to the May 22, 2003 termination of the MR Agreement.

Generally, and without restricting the court's discretion, a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted. The movant must demonstrate a palpable error by which the court and the parties were mislead, and also show that correcting the error will result in a different disposition of the case. See E.D. Mich. LR 7.1(g)(3).

D/C has failed to demonstrate palpable error, either in the court's interpretation of Section 10.2, or in the court's ruling that D/C failed to proffer evidence that could support a finding that BDR represented, endorsed, or otherwise promoted a D/C racing competitor's vehicles, parts, or services to an entity other than that same racing competitor. While it is indeed logical, as D/C argues, that D/C would desire to preclude BDR from representing, endorsing, or otherwise promoting the vehicles, parts, or services of a D/C business competitor, such is not the expressed intent of Section 10.2 when construed in light of the surrounding circumstances, and in reading the unambiguous MR Agreement as a whole. Quality Products and Concepts Co. v. Nagel Precision, Inc., 469 Mich. 362, 375, 666 N.W.2d 251 (2003); Port Huron Ed. Ass'n v. Port Huron Area School Dist., 452 Mich. 309, 323, 550 N.W.2d 228 (1996); Cleveland v. Detroit Trust Co., 264 Mich. 253, 257, 249 N.W.2d 842 (1933).

The court agrees with D/C to the extent that Section 10.2 does not express an intent to preclude BDR from representing, endorsing, or otherwise promoting only the vehicles, parts, or services of only D/C's Winston Cup Series racing competitors. Section 10.2 does express an intent to preclude BDR from representing, endorsing, or otherwise promoting only the vehicles, parts, or services of *any* racing competitor, be it a Winston Cup Series

competitor as contemplated under Section 1.9 in "Scheduled Races," or under Section 3.2 in "Additional Races," expressly being "any motorsports races other than Scheduled Races for which DaimlerChrysler has expressly authorized RACE TEAM's participation."  See Section 1.9.  The MR Agreement clearly contemplated that BDR might be involved in competitive races other than Winston Cup Series races, and if BDR was "expressly authorized" under Section 1.1 to compete in other competitive races, Section 10.2 would operate to preclude BDR from representing, endorsing, or otherwise promoting the vehicles, parts, or services of these additional non-Winston Cup Series racing competitors. The intentional omission of the modifier "Winston Cup Series" before the term "competitor," as used in Section 10.2, clearly manifests this intent.  Inclusion of a 1.3 million "Pontiac Reimbursement" in "Schedule A" of the MR Agreement does not displace the undisputed fact that BDR was permitted to participate with GM in Busch Series competitive races while the MR Agreement remained in effect.  In the absence of evidence that D/C expressly authorized BDR to compete against GM in Busch Series races, D/C had no contractual right under Section 10.2 that prevented BDR from racing GM vehicles in Busch Series races even if non-party GM was displeased with BDR's association with D/C.

BDR's asserted nickname for its North Carolina facility as "Area 51" does not alter the parties' contractual intent, as argued by D/C, by indicating that BDR was attempting to hide a breach of Section 10.2, particularly when considering the facility was equipped with a sign depicting "Tundra Race Truck Center."  BDR's Bill Davis' deposition testimony regarding his legal opinion as to the contents of the MR Agreement does not support a finding of palpable error in this court's interpretation of the unambiguous language of the MR Agreement.

Consistent with this court's interpretation of Section 10.2 as unambiguously precluding BDR from representing, endorsing, or otherwise promoting a D/C racing competitor's vehicles, parts, or services to an entity *other than that same racing competitor*, BDR's provision of technical services and information to Toyota, that same racing competitor, did not violate Section 10.2.  Further, plaintiff's counsel candidly admitted at the May 23, 2005 hearing that Toyota was not a Winston Cup Series competitor prior to termination of the MR Agreement, notwithstanding D/C's current assertion of BDR's "efforts . . . to secure a place for Toyota in the Winston Cup series."

In the absence of a showing of palpable error, D/C's motion for reconsideration is hereby DENIED.

SO ORDERED.

                                               s/George Caram Steeh
                                               GEORGE CARAM STEEH
                                               UNITED STATES DISTRICT JUDGE

Dated: August 9, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 13, 2005, by electronic and/or ordinary mail.

                                               s/Marcia Beauchemin
                                               Deputy Clerk