UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMLERCHRYSLER MOTORS COMPANY, L.L.C.,
a Delaware limited liability company,

        Plaintiff/Counter-Defendant,

vs.

        Case No. 03-CV-72265
        HON. GEORGE CARAM STEEH

BILL DAVIS RACING, INC.,
a North Carolina company,

        Defendant.

_____/

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE
A FIRST AMENDED COMPLAINT (#91)

Plaintiff DaimlerChrysler Motors Company, L.L.C. ("D/C") moves for leave to file a First Amended Complaint to add a claim that defendant Bill Davis Racing, Inc. ("BDR") breached Section 10.2 of the parties' February 14, 2000 Motorsport Racing Agreement ("MR Agreement") by contracting with General Motors Corporation ("GMC") on February 3, 2003 to provide GMC with a NASCAR Winston Cup Series racing car. The facts and legal arguments presented in the parties' briefs are sufficient to adjudicate the motion. Oral argument would not significantly aid the decisional process. Pursuant to E.D. Mich. Local R. 7.1(e)(2), it is ORDERED that the motion be resolved without oral argument.

The circumstances underlying this lawsuit are set forth in a prior July 14, 2005 Order, and will be reiterated herein only to the extent necessary to adjudicate D/C's motion. The court previously granted BDR's motion for summary judgment, in part, to the extent D/C alleged BDR breached Section 10.2 of the MR Agreement by assisting Toyota in developing a Craftsman Truck Series racing vehicle. See July 14, 2005 Order. The court

interpreted Section 10.2 of the MR Agreement as "preclud[ing] BDR from representing, endorsing, or otherwise promoting a D/C racing competitor's vehicles, parts, or services to an entity other than that same racing competitor." Id. at 17.  D/C admitted that Toyota did not compete with D/C in Winston Cup Series races prior to the May 22, 2003 termination of the MR Agreement, and D/C failed to proffer evidence that D/C authorized BDR to compete with Toyota in Craftsmen Truck Series races on behalf of D/C. Id. at 20-21.  D/C's claim of breach of Section 10.2 was thus dismissed on the merits because "Toyota was not a racing competitor of D/C during the life of the MR Agreement whom BDR was precluded by Section 10.2 from representing, endorsing, or otherwise promoting." Id. at 20.  The court denied D/C's motion for reconsideration in a four-page August 9, 2005 Order[1].

On September 13, 2005, D/C filed the instant motion for leave to add an amended claim that BDR breached Section 10.2 of the MR Agreement by contracting with GMC on February 3, 2003 to provide GMC with a Winston Cup Series racing car to be used in up to seven races, well before the MR Agreement terminated on May 22, 2003.  Under the current August 24, 2005 Scheduling Order, the Final Pretrial Order is due on November 14, 2005, and trial is scheduled for December 6, 2004.

Leave to amend a complaint is to be freely granted when justice so requires. See Fed. R. Civ. P. 15(a).  Delay alone is insufficient to deny a motion to amend. Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458-59 (6th Cir. 2001) (quoting Head v. Jellico Hous. Auht., 870 F.2d 1117, 1123 (6th Cir. 1989)).  If amendment is sought at a late stage of the litigation, there is an increased burden to show justification for failing to move earlier. Wade, 259 F.3d at 459 (citing Duggins v. Steak 'N Shake, Inc., 195 F.3d 828, 834 (6th Cir. 1999)).  Nonetheless, absent bad faith or dilatory motive on the part of the movant, leave

---

[1] The Order was not electronically served on the parties until October 13, 2005.

to amend should be granted unless it would not survive a motion to dismiss. Foman v. Davis, 371 U.S. 178, 182 (1962); Sinay v. Lamson & Sessions Co., 948 F.2d 1037, 1041-42 (6th Cir. 1991); Head, 870 F.2d at 1124. In deciding a motion to dismiss, the court accepts the allegations as true, and may dismiss if the plaintiff can prove no set of facts which would entitle the plaintiff to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

The court is persuaded that D/C was not dilatory, or acting with an improper motive, in waiting until September 13, 2005 to move for leave to add an amended claim that BDR breached Section 10.2 of the MR Agreement by contracting with GMC on February 3, 2003 to build and race a Winston Cup Series vehicle for GMC. D/C was provided with a copy of the GMC Agreement on March 28, 2005, after the close of discovery, and after the dispositive motion cut-off date of March 1, 2005. Such explains why D/C's motion for summary judgment did not raise the GMC Agreement. The court first interpreted Section 10.2 as a matter of law in the July 14, 2005 Order, and D/C's motion for reconsideration challenging that interpretation was not denied until August 9, 2005. At the time D/C moved for leave to amend on September 13, 2005, D/C had not yet been served with a copy of the Order denying D/C's motion for reconsideration. The motion for leave to amend was not delayed due to bad faith or dilatory motive.

D/C's proposed amended claim alleging BDR breached Section 10.2 by executing the GMC Agreement on February 3, 2003 is not futile because D/C could develop a set of facts consistent with this allegation that would entitle D/C to relief. Conley, 355 U.S. at 45-46. In support of its motion to amend, D/C proffers evidence that BDR driver Scott Wimmer test drove a GMC vehicle at Dover International Speedway on May 19 and 20, 2003, in preparing GMC to compete in a Winston Cup Series race on June 1, 2003. Whether this or other BDR conduct in furtherance of the GMC Agreement constituted a breach of

Section 10.2 of the MR Agreement remains to be adjudicated, and the court declines the parties' implicit invitation to decide the issue today as if on summary judgment. The proposed amended claim would survive a motion to dismiss.

BDR will not be unduly prejudiced by the amended claim, even at this later stage of the proceedings. As noted by the court at an October 18, 2005 status conference, the GMC Agreement is relevant to the issues of mitigation of damages and anticipatory breach even in the absence of D/C's proposed amended claim. Discovery with respect to the GMC Agreement was warranted from the outset. Extension of the existing Scheduling Order is not necessitated by D/C's filing of the amended claim. Accordingly, and consistent with the analysis herein,

D/C's motion for leave to file a First Amended Complaint adding a claim that BDR breached Section 10.2 of the MR Agreement by contracting with GMC on February 3, 2003 to provide GMC with a NASCAR Winston Cup Series racing car for competition in up to seven races is hereby GRANTED.

SO ORDERED.

s/George Caram Steeh  
GEORGE CARAM STEEH  
UNITED STATES DISTRICT JUDGE

Dated: October 19, 2005

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on October 19, 2005, by electronic and/or ordinary mail.

s/Josephine Chaffee  
Secretary/Deputy Clerk

4