UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAIMLERCHRYSLER MOTORS,

           Plaintiff,

v.

BILL DAVIS RACING, INC.

           Defendant.

_____/

CIVIL ACTION NO. 03-72265

DISTRICT JUDGE GEORGE CARAM STEEH

MAGISTRATE JUDGE DONALD A. SCHEER

**<u>ORDER</u>**

      DaimlerChrysler Motor's Motion for Sanctions for Destruction of Evidence was referred to the undersigned magistrate judge for hearing and determination.  The parties appeared for hearing on June 23, 2005.  Following the hearing, the parties were directed to file supplemental briefs, and the motion was taken under advisement.  Having reviewed the parties' briefs and supplemental submissions, and having had the benefit of argument, I find that the motion should be granted in part.

      A party has a duty to preserve evidence where it is reasonable foreseeable that it is material to a potential legal action and properly discoverable.  Spoliation of evidence occurs when a party intentionally alters or destroys relevant evidence before an opposing party has an opportunity to examine it.  If a threshold showing of spoliation is made, the burden shifts to the proponent of the evidence to prove that the opponent was not prejudiced by the alteration or destruction.  The test for prejudice is whether there is a reasonable possibility, based upon concrete evidence, that access to the destroyed or altered evidence, which is not otherwise obtainable, would produce evidence favorable to the objecting party. <u>Nationwide Mutual Fire Insurance Company v. Ford Motor Company</u>, 174 F.3d 801, 804 (6th

Cir. 1999).  Our circuit has held that "[t]he rules that apply to the spoiling of evidence and the range of appropriate sanctions are defined by state law."  Id.

Under Michigan Law, "[a] trial court has the authority, derived from its inherent powers, to sanction a party for failing to preserve evidence that it knows or should know is relevant before litigation is commenced.  Masb-Seg Prop./Cas Pool, Inc. v. Metalux, 231 Mich.App. 393, 400 (1998).  A sanction may be appropriate "regardless of whether the evidence is lost as the result of a deliberate act or simple negligence, [as] the other party is unfairly prejudiced . . .."  Brenner v. Colk, 226 Mich.App. 149, 161 (1997).

The written agreement which is the subject of this lawsuit was executed on February 21, 2000.  DaimlerChrysler maintains that it initiated conversations with Bill Davis Racing in December 2002, relating to rumors that Bill Davis Racing was rendering technical assistance to Toyota Motor Company's  racing efforts.   While the substance of such conversations remains in dispute, there is no doubt that DaimlerChrysler terminated the written agreement of the parties and instituted this lawsuit on May 22, 2003.  Bill Davis Inc.'s obligation to preserve relevant evidence certainly commenced upon its receipt of Summons and Complaint.  I am satisfied that, from that point forward, defendant had an affirmative obligation to preserve records and communications bearing in any way upon the business relationship flowing from the February 21, 2000 agreement.  I find that Bill Davis Racing Inc. has failed in that obligation.

The court must consider the reasons for destruction of evidence and determine if they support an inference of bad faith.  Defendant has offered the explanation that its computer system was set up to delete both internal and external e-mail messages automatically, unless affirmative efforts were taken to preserve them.  The evidence further shows that

such messages, once deleted, were not subject to retrieval by Bill Davis Racing or by its computer support company.  Defendant asserts that its copies of e-mail messages were lost by reason of a preexisting feature of its computer system.  Such normal procedures for destruction of documents must, however, be suspended when a party is on notice that they may be relevant to litigation, and the failure to make an adequate search of such documents before their destruction may be evidence of bad faith.  While DaimlerChrysler has been able to obtain copies of some communications directly from Bill Davis Racing's outside correspondents, internal e-mails among Bill Davis Racing personnel are irretrievably lost.

I am particularly concerned by the loss of messages to and from Terry Elledge, defendant's engine development manager, in view of evidence that he was in frequent communication by e-mail with David Currier, a Toyota engineer.  Elledge testified that he was never asked about correspondence with Toyota, even after the filing of this lawsuit.  He confirms that no efforts were made to preserve or retrieve e-mails deleted from defendant's computer system.  I am also concerned that e-mail communications exchanged internally by Bill Davis Racing Inc.'s employees and relating to the DaimlerChrysler contract were not preserved.  Mike Brown, defendant's office manager, has substantial training and experience in data processing technology, and it appears that no effort was made to retain computer data, even after the filing of the Complaint in this case.  Information from Diversicon, Bill Davis Racing's e-mail service provider, discloses that defendant set up other domain names for related companies, including TRDSouth.Com (Triad), but that no effort to preserve potentially relevant data from those sources was made.

Defendant suggests that the use of e-mail communications within the Bill Davis Racing organization was minimal, and argues further that plaintiff has been able to obtain

copies of communications to and from outside entities by serving discovery requests directly upon those alternative sources.  Defendant argues that DaimlerChrysler is unable to prove that any relevant communication has been lost.  I find those assertions unpersuasive.  It is impossible for plaintiff to identify communications which have been lost, and it would be unfair to insist upon a clear and definite showing of prejudice in light of the fact that Bill Davis Racing and its counsel have clearly failed in their own obligation to take affirmative steps to prevent the loss of evidence.  Based upon the presentations of the parties, I am not persuaded that defendant's failure to preserve electronic data was the result of bad faith.  Bad faith, however, is not required to justify the imposition of sanctions.  Even the negligent destruction of evidence is prejudicial to an opposing party, and undermines the litigation process.  I find that a sanction is appropriate in this case.

Justice requires that any sanction imposed be proportionate to the circumstances. In this case, the district judge has already ruled upon Motions for Summary Judgment, and the surviving claims are set for trial.  Dismissal of a claim or defense is an extreme sanction and should be imposed only in extreme situations where there is evidence of wilfulness, bad faith, or substantial fault by a noncomplying party.  Plaintiff has cited Wiginton v. U.S. District Court, 2003 Lexis 19128 (E.D. Ill) for the proposition that the failure to prevent destruction pursuant to a routine document retention policy crosses the line from negligence to bad faith where the custodial party knew that relevant evidence was contained in the documents and wanted to hide the adverse information.  The court in Wiginton further found that the failure to make an adequate search for relevant documents before their routine destruction might constitute bad faith.  While I don't dispute those propositions in the abstract, I am satisfied that the destruction of evidence in this case was negligent and not wilful.  Accordingly, I

4

conclude that the sanction of dismissal of claims and/or defenses is more severe than the circumstances warrant.

A special instruction advising the jury that destroyed evidence may be presumed to be unfavorable to the party who is responsible for its destruction has been held to be an appropriate sanction for the spoiling of evidence.  Beck v. Haik, 337 F.3d 624, 641 (6th Cir. 2004).  I find that an appropriate sanction for defendant's failure to prevent the spoliation in this instance would be: a) an order allowing plaintiff to present evidence of the defendant's failure to preserve electronic data; b) an instruction to the jury that it may presume, based upon the spoliation, that the evidence destroyed would have been favorable to plaintiff; and c) an order permitting counsel for DaimlerChrysler Motors to argue in favor of the negative inference.  The ultimate decision on such matters, however, is reserved to the trial judge.

I further find that the reasonable attorney fees and costs associated with DaimlerChrysler Motor's preparation and prosecution of the Motion for Sanctions for Destruction of Evidence should be imposed upon defendant.

IT IS THEREFORE ORDERED that DaimlerChrysler's Motion for Sanctions for Destruction of Evidence is granted in part.  I recommend that the district court judge permit plaintiff to offer evidence and argument relating to the defendant's spoliation of evidence, and that an appropriate jury instruction be given with regard to the same.

IT IS FURTHER ORDERED that plaintiff, DaimlerChrysler Motors, shall document to the magistrate judge, within twenty-one (21) days, the attorney fees and costs incurred in connection with the preparation, filing and prosecution of the within motion.  Defendant may file a response to the documentation within fourteen (14) days after it is served.

5

s/Donald A. Scheer
DONALD A. SCHEER
UNITED STATES MAGISTRATE JUDGE

DATED: December 22, 2005

_____

## CERTIFICATE OF SERVICE

        I hereby certify on December 22, 2005 that I electronically filed the foregoing paper with the Clerk of the Court sending notification of such filing to all counsel registered electronically.  I hereby certify that a copy of this paper was mailed to the following non-registered ECF participants on December 22, 2005.  **None.**

s/Michael E. Lang
Deputy Clerk to
Magistrate Judge Donald A. Scheer
(313) 234-5217